UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MATTHEW JONES,

    Plaintiff,

v.

PERRYVILLE POLICE,

    Defendant.

Civil Action No. 5: 23-332-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Matthew Jones has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]  The Court has separately granted his motion to proceed *in forma pauperis*. The Court therefore screens the complaint prior to service of process.  28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Jones alleges that in July 2000 when he was 14 years old, his aunt drove him through several states and executed her plan to have him raped and tortured by state and local police officers in a dozen states.  Jones states that at one of these stops "in Kentucky, I was raped by the Perryville local police at the Civil War reenactment site Perryville Battlefield."  [R. 1 at 1-4]  Jones seeks monetary compensation and asserts claims under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments, for negligence, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and under a criminal provision of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 920.  *Id*. at 5-7, 10-11.

A review of the federal courts' online PACER database reveals that Jones has been making the same or similar claims against police departments throughout the country since 2017.  *Cf. Jones v. Bridgeville Police Dep't*, 758 F. App'x 235, 235 (3d Cir. 2019) (noting Jones' propensity to raise "myriad allegations of rape, murder, and kidnapping by members of [a] town's police department."); *Jones v. Vermont State Police*, No. 2:23-CV-19-WKS (D. Vt. 2023) [R. 2 therein (describing Jones as a "serial filer" and dismissing four complaints raising similar claims)].  Indeed,

the complaint Jones filed in this action is, save for the caption and named defendant, identical in all respects to a dozen other lawsuits he filed in other federal courts on the same day. *Cf. Jones v. North Carolina State Police*, No. 7:23-CV-1659-BO (E.D.N.C. 2023).

The Court will dismiss the complaint upon initial screening for some of the same reasons other courts have dismissed actions filed in those jurisdictions. *Cf. Jones v. Portland Maine Police Dept.*, No. 2: 22-CV-201-NT (D. Me. 2022), *aff'd*, No. 22-1638 (1st Cir. 2023) (noting that "the Portland Police Department was not alleged to have a 'policy or custom' causing the harm claimed by Jones, and could not be held responsible for the alleged abuses by its officers under a theory of 'respondeat superior.'").

First, the Perryville Police Department is not a suable entity; a city's police department is merely an administrative department operated by the city itself. *Cf. Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). And Jones does not allege that the conduct about which he complains was the product of a Perryville policy or custom, and therefore fails to state a claim for relief against it. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Second, Jones's civil rights claims under Section 1983 and his state law claim for negligence are barred by the statute of limitations. That period is one year. *See* Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009); *Phillips v. Lexington–Fayette Urban Cnty. Govt.*, 331 S.W.3d 629, 634 (Ky. App. 2010). Jones does allege that "the rapes left me in a mental delirium that continued for twenty years." [R. 1 at 4] Kentucky tolling rules apply to Section 1983 claims arising within the state, *see Hardin v. Straub*, 490 U.S. 536, 539 (1989), and toll the running of the limitations period if the plaintiff is "of unsound mind" at the time the cause of action accrued. Ky. Rev. Stat. 413.170(1). That status is met if the plaintiff is incapable of handling his own affairs. *Cf. Se. Ky. Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988). But tolling ceases upon "removal of the disability," meaning once plaintiff sufficiently regains command of his faculties. *Cf. Gray v. Lexington-Fayette Urban Cty. Gov't*, No. 5: 13-CV-45-DCR, 2013 WL 3322609, at *8 (E.D. Ky. July 1, 2013). Jones had plainly recovered his capacity when, by 2017, he began filing

2

dozens of lawsuits asserted related claims.  Having failed to file suit within one year thereafter, his Section 1983 and negligence claims are time barred.

Finally, Jones's claims under the FTCA and UCMJ fail as a matter of law.  Jones does not name the United States as a defendant or allege that the offending officers were acting within the scope of federal employment with respect to the conduct complained of.  He therefore fails to state a claim under the FTCA.  *Cf. Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).  Jones also fails to allege that the city police officers were subject to the UCMJ.  *See* 10 U.S.C. § 802.  In any event, UCMJ Section 920 is a criminal provision, and Jones lacks standing to assert a violation of it.  *Cf. Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

The Court will therefore dismiss this action with prejudice.  As other courts have done, the Court will certify that any appeal by Jones would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A).  When assessing whether an action is taken in good faith, the inquiry is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Reasonable jurists could not differ in concluding that Jones's complaint is subject to immediate dismissal, particularly in light of the repeated rejection and dismissal of his claims by other federal courts in earlier actions.  The Court will therefore certify that any appeal is not taken in good faith.  As a result, Jones will be assessed the full $605.00 appellate filing fee should he file a notice of appeal.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Matthew Jones's complaint [R. 1] is **DISMISSED** with prejudice.
2. The Court **CERTIFIES** than any appeal would not be taken in good faith.
3. This matter is **STRICKEN** from the active docket.

Entered:  December 6, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY